**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURIE SASALA FACSINA,** | ) | **CASE NO.  1:15 CV 447** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **MORGAN STANLEY SMITH BARNEY,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Before the Court are the following motions:

(1)    Plaintiff's "Complaint/Motion to Vacate Arbitration Award" ("Motion to
Vacate") (Doc #: 1 ("Comp.")); and

(2)     Defendants' "Opposition to Complaint/Motion to Vacate Arbitration
Award and its Cross-Motion to Confirm Arbitration Award" ("Motion to
Confirm") (Doc #: 4 (Opp'n).)

The Court has reviewed the Motion to Vacate, the Motion to Confirm, and the response briefs

thereto.  (Doc ##: 8, 9.)  For the following reasons, the Court **DENIES** the Motion to Vacate,

and **GRANTS** the Motion to Confirm, the Arbitration Award.

**I.**

Plaintiff Laurie Sasala Facsina is a former employee of Defendants Morgan Stanley

Smith Barney LLC and Morgan Stanley Smith Barney FA Notes Holdings LLC (collectively,

"MSSB").[1]  (Comp. ¶ 7.)  The parties entered into a settlement agreement on March 10, 2009

---

[1]Facsina was originally employed by Global Wealth Management Group of Morgan
Stanley & Co. ("MS&Co."), which entered into a joint venture with the Smith Barney Division of

(the "Effective Date").  (Id.; Doc #: 1-2 (2009 Agreement).)  The 2009 Agreement included a

provision that precluded Facsina from raising claims, or evidence about claims, against MSSB

that accrued, or could have accrued, before the Effective Date ("the release-of-claims

provision").

Included in the 2009 Agreement was a promissory note ("Note"), which extended

Facsina a loan of $280,000.00.  (Id. at 20.)  Facsina agreed to repay the Note in yearly

installments of $35,000 with 2 % interest beginning on March 4, 2010.  (Id.)  The Note also

stipulated that, in the event Facsina terminated her employment before she repaid the loan,

MSSB could immediately collect on the remaining balance.  (Id.)

In October 2010, Facsina resigned from her position at MSSB with an outstanding loan

balance of $245,000 plus interest.  (Opp'n at 5.)  MSSB immediately sought to collect on the

loan but, when Facsina refused to comply, filed a breach of contract claim with the Federal

Industry Regulatory Authority ("FINRA") to resolve the dispute through arbitration.  (Id.)

The parties thereafter engaged in settlement negotiations; however, they dispute whether

or not they reached a deal in May 2013 ("2013 Contract").  (Comp. ¶ 13.)  MSSB contends that

the parties did in fact reach a settlement, and added another breach-of-contract claim to the

pending arbitration proceeding.  (Opp'n at 6-7.)

After rescheduling three times, the FINRA panel ("Panel") finalized an arbitration

hearing for October 21-23, 2014, and a discovery deadline for October 1  (Id.)  Before the

hearing, the Panel granted MSSB's motion to preclude Facsina from raising evidence about

---

Citigroup Global Markets in 2010 and was restructured under its current name, Morgan Stanley
Smith Barney LLC.  (Doc # 4-10 at 3 n.1.)

2

claims accruing before the Effective Date based on the release-of-claims provision in the 2009 Agreement.  (Comp. ¶ 16.)  After the October 1 discovery deadline, Facsina and MSSB continued to exchange discovery (Doc #1-5 at 16.)  Nonetheless, on October 17, Facsina moved the Panel to sanction MSSB for violating the discovery deadline.  (Id. ¶¶ 9-10.)

Eleven days before the arbitration hearing was scheduled to begin, Facsina's counsel filed a motion for orders of appearance to call witnesses to the hearing (Id. ¶ 11; Doc #: 1-6 at 2-8.)  On October 15, Facsina's counsel represented to MSSB that it had arranged for five to seven witnesses to appear at the hearing.  (Doc #: 4-6 at 2.)  However, one day before the hearing, Facsina's counsel withdrew his representation of her.  (See Doc #: 4-1 at 2.)

On the morning of October 21, 2014 (the first day of the hearing),  Facsina, representing herself, told the Panel that she had not received the orders of appearance to call her witnesses, and asked that the hearing be postponed so that she would have time to call her witnesses.  (Comp. ¶ 11.)  The Panel stated that it would send the orders to her later that day so that she could compel the attendance of her witnesses during the multi-day hearing, but refused her request for a continuance.  (Id.)

MSSB's counsel and Facsina then gave opening remarks.  (Opp'n at 7; Doc #: 4-1 at 4.)  After raising the issue regarding the orders, Facsina contended that she should be able to admit evidence accruing before the Effective Date of the 2009 Agreement.  (Comp.¶ 16.)  She also asked that the Panel recuse itself since it was privy to the terms of the alleged 2013 Contract.  (Comp. ¶ 15.)  The Panel denied both requests.  (Id.)  MSSB alleges that,

> [a]t the conclusion of her opening argument, [] Facsina declared that she was
> declining to further participate in the hearing.  The arbitrators attempted to
> persuade Facsina to reconsider, explaining that if she did not participate, her

defense and claims had no way of being presented.  Despite numerous warnings and admonitions, Facsina could not be convinced to stay and she left.  MSSB presented its case to the arbitration panel and rested.

(Opp'n at 7.)  Facsina does not dispute these allegations.

On December 11, 2014, the Panel rendered the arbitration judgment for MSSB and awarded it $248,207.38, plus attorney's fees ($152,155.28) and interest ($19,512.68) ("Award"). (Doc #: 4-1 at 5.)

Facsina pursued judicial review of the Panel's decision, pursuant to 9 U.S.C. § 10, and moves this Court to vacate the Award, arguing that considerations of fairness make the arbitration award unenforceable.  (Comp. ¶ 3.)  MSSB opposes Facsina's motion, contending that her claims are "unsubstantiated  .  .  . with no basis in law or fact" (Opp'n at 2-3), and moves the Court to confirm the Award.

## II.

Under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), a court's review of an arbitrator's decision is very limited, and as such, its vacatur of an arbitration award occurs "only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter,* 133 S.Ct. 2064, 2068 (2013) (citation and internal quotation removed).  The Supreme Court has long established that this limited role prohibits reconsideration on the merits of the award.  *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 108 S.Ct. 364, 370-71 (1987) ("Courts [] do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").  To this end, the party seeking to vacate an arbitration award "must clear a high hurdle." *Stolt-Nielsen S.A. v. Animalfeeds Int'l Corp.*, 130 S.Ct. 1758, 1767 (2010).

Section § 10 of the FAA provides district courts with four grounds upon which to vacate

4

arbitration awards:  (1) where the award was procured by corruption, fraud or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where

the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient

cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any

other misbehavior by which the rights of any party have been prejudiced; or (4) where the

arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and

definite award upon the subject matter submitted was not made.  9 U.S.C. §§ 10(a)(1)-(4).  Per

the FAA, "a court must confirm an arbitration award unless it is vacated" as "prescribed in §

10." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008).

Facsina contends that the Court should vacate the award because the Panel: (1) failed to

recuse itself after reviewing the terms of the 2013 Contract; (2) refused to hear relevant evidence

and testimony; (3) denied her request to postpone the hearing; and (4) committed fraud by failing

to rule on her motion for discovery sanctions.[2]

### A.    Refusing to Postpone the Hearing and Hear Testimony

Facsina invokes § 10(a)(3) of the FAA, which authorizes a federal court to set aside an

---

[2]Facsina makes a few additional arguments.  She contends, based on a non-assignability provision in the 2009 Agreement, that MSSB lacked standing to bring the arbitration proceeding since she entered into the 2009 Agreement with MS&Co.  (See Doc #: 8.)  This issue is not within the purview of the Court because it does not fall under the standards of review listed in  § 10(a). Facsina also claims that the Panel was structurally biased in favor of MSSB and its decision should, thus, be vacated under § 10(a)(2).  (Comp. at ¶ 15.)  However, the Sixth Circuit has held that  "[i]t is not enough to demonstrate an amorphous institutional predisposition toward the other side, because that would simply be the appearance-of-bias standard that we have previously rejected." *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294 307 (6th Cir. 2008).  Facsina also claims that the Panel exceeded its power under § 10(a)(4) and committed a "gross error of law" by awarding MSSB more than listed in the 2013 Contract.  (Comp. at ¶ 14.)  This argument fails as well because "[i]t is not enough to show that the arbitrator committed an error – or even a serious error."  *Oxford Health Plans LLC v. Sutter,* 133 S.Ct. 2064, 2068 (2013).  Here, the Panel issued an award that reasonably reflects the contract in dispute.

arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy."

The Sixth Circuit has long held that "arbitrators are not bound by formal rules of procedure and evidence" and the court is limited in reviewing only "whether a party to arbitration has been denied a fundamentally fair hearing." *Dobson Indus. Inc. v. Iron Workers Local Union No. 25*, 237 F. App'x 39, 48 (6th Cir. 2007) (citation removed).  In reviewing for "misconduct," the court is only to determine whether the arbitrators' decision constitutes an "abuse of discretion." *Floyd Cnty. Bd. Of Educ. v. EUA Cogenex Corp.,* 198 F.3d 245, at *2 (6th Cir. 1999).  To show "abuse of discretion," the party moving to vacate the award "must prove by clear and convincing evidence that the arbitrator had no reasonable basis for his decision." *Id.*

Facsina argues that the Panel's refusal to postpone the hearing after it failed to send her the witness orders denied her a fair hearing.  The record shows, however, that Facsina's counsel informed the Panel before the hearing that he had arranged for the attendance of the witnesses, and the Panel offered to forward the orders to her later that day.   She responds that this proposal was hollow because it would have been impossible to serve the orders on such short notice because all of her witnesses "worked for a living."  (Comp. at ¶ 12.)  Facsina chose to leave the arbitration hearing following her opening argument, after having been told that this would mean her defenses would not be presented.  Since she chose not to receive the witness orders, and therefore made no attempt to serve them, she has forfeited any argument that the Panel deprived her of the opportunity to call witnesses or present a defense.

6

Facsina also views the Panel's refusal to hear evidence accruing before the Effective Date as evidence of misconduct.  Upon review, however, the Court notes that the Panel made this decision in light of Facsina's written release of claims against MSSB accruing before March 10, 2009.

The Court views the Panel's decision as reasonable, especially in light of the FINRA Rules.  FINRA Rule 13504(a)(6) provides that "[t]he panel cannot act upon a motion to dismiss a party or claim under paragraph (a) of this rule, unless the panel determines that . . . the non-moving party previously released the claim(s) in dispute by a signed settlement agreement and/or written release."  Unquestionably, Facsina released all claims leading up to March 10, 2009, and as such, the Panel appropriately acted to exclude such evidence from the hearing.

Facsina has failed to establish by clear and convincing evidence that the Panel abused its discretion by refusing to hear evidence about her claims accruing before the Effective Date.  And given that the Panel offered to correct its mistake concerning the witness orders, the Panel did not engage in any misconduct in proceeding with the hearing as scheduled.

**B.      Evident Partiality**

Facsina contends that vacatur is also warranted pursuant to § 10(a)(2), which allows a court to vacate an arbitration award "where there was evident partiality or corruption in the arbitrators, or either of them."  Specifically, she argues that the award should be vacated because the Panel was privy to the terms of the 2013 Contract and was, therefore, unable to act fairly in dealing with her case.

To show partiality, the challenging party must show more than an "appearance of bias." *Andersons, Inc. v. Horton Farms, Inc.,* 166 F.3d 308, 325 (6th Cir. 1998).  Indeed, a party must

7

show "specific facts that indicate improper motives on the part of the arbitrator." *Uhl v. Komatsu Forklift Co.,* 512 F.3d 294, 306-07 (6th Cir. 2008).

Facsina establishes no facts that the Panel's actions rise to this level of partiality and cites no FINRA rules prohibiting the admission of prior settlements. In fact, FINRA Rule 13604 states that "the panel will decide what evidence to admit. The panel is not required to follow state or federal rules of evidence."

Facsina simply alleges that the Panel's knowledge of the terms of the 2013 Contract corrupted its perception of the ongoing dispute. This allegation, however, fails to show an "improper motive" on the part of the Panel. And, in fact, MSSB submitted the 2013 Contract to the Panel as the basis for a cause of action against Facsina.

## C.     Fraud.

Facsina also contends that the arbitration award should be vacated because it "was procured by corruption, fraud, or undue means." 9 U.S.C. 10(a)(1). To prove fraud, a party moving to vacate an award must demonstrate "clear and convincing evidence" of fraud, among other factors. *Bauer v. Carty & Co., Inc.,* 246 F. App'x 375, 378-79 (6th Cir. 2007).

In supporting her assertion, Facsina points to the Panel's failure to address her motion for discovery sanctions but fails to explain how this action, or lack thereof, amounted to fraud. And, in fact, the record shows that Facsina herself violated the Panel's discovery deadline.

8

### III.

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Confirm the Arbitration Award and **DENIES** the Plaintiff's Motion to Vacate the Arbitration Award.

**IT IS SO ORDERED.**

         */s/ Dan Aaron Polster 7/20/15*

         **Dan Aaron Polster**
         **United States District Judge**